# Exhibit B

24-01864-FPC11    Doc 22-8    Filed 09/10/24    Entered 09/10/24 14:36:12    Pg 1 of 14

# Ranade, Amit

| | |
|---|---|
| **From:** | Jeff Ahlholm <jeff@agracapital.com> |
| **Sent:** | Thursday, June 27, 2024 11:55 AM |
| **To:** | Ranade, Amit; Patrick Vail; Ryan Wear |
| **Cc:** | Aimee Willig; Eric Camm; Satre, Mallory; Jay Kornfeld; Bender, John |
| **Subject:** | Re: Marcum Report Quality of Earnings Report |

**[EXTERNAL] jeff@agracapital.com**

Amit,

Appreciate the notice. I am catching up today from the office and will circle back asap on this request and the prior data requests. Speak soon.

> Best Regards,
> Jeffrey Ahlholm
> Managing Director
> AGRA Capital Advisors, LLC
> (805) 262-0284 office
> (310) 909-3865 mobile
> (323) 297-1554 fax
> **Registered Representative of and Securities Products offered through BA Securities, LLC Member FINRA SIPC. This email is subject to an important disclaimer, please click on the following link or cut and paste the link into the address bar of your browser:** http://www.basecuritiesllc.com/email/disclaimer/

On Thu, Jun 27, 2024 at 11:41 AM Ranade, Amit <aranade@swlaw.com> wrote:

> Jeff,
>
> My clients have now had a few days with the QofE report that you shared earlier this week. Thank you again for sharing it.
>
> As we said during our call earlier this week, any transaction involving Creative Technologies or Ideal Property Investments will require the approval of the King County, Wash., Superior Court. Before the receiver can consider the transaction we discussed, much less recommend to the Court its approval, we need to be comfortable with the accuracy of the report.
>
> While we understand it is still in draft form, our initial review has revealed material inconsistencies with the debtor-entities' Quickbooks files, information provided by Ryan Wear, and other records and information we

1

have obtained. We are still evaluating the report, but we have already seen enough to know that we need to have a conversation with Marcum to work through the apparent discrepancies in the report.

We are mindful of your and the John Bender group's concern that a subpoena to Marcum will jeopardize the contemplated transaction. For that reason, we are asking you to put us in touch informally with the accountants and advisors at Marcum who are working on this project. We intend to work with them on cooperatively, and we are open to a reasonable confidentiality agreement.

Please note that the receiver is entitled to this information and has authority to obtain it by subpoena as we originally intended to do. We are coming to you first, however, in deference to your collective concern about a subpoena derailing this potential transaction.

Please connect us with the appropriate accountants and advisors at Marcum.

Thanks,
Amit

**Amit Ranade**

**O:** 206.741.1404
aranade@swlaw.com

**SNELL & WILMER**

swlaw.com | LinkedIn

600 University Street | Suite 310 | Seattle, WA 98101

This email and any attachments may be confidential and protected by legal privilege. If you have received this message in error, please do not disclose the contents to anyone. Please notify the sender by return email and delete this email as well as any attachments from your system.

# Exhibit C



600 UNIVERSITY STREET
SUITE 310
SEATTLE, WA  98101
206.741.1420 P

**Mallory L.B. Satre**
**206.741.1408**
**msatre@swlaw.com**

August 6, 2024                                                                *Via Process Server*

Cantaloupe, Inc.
c/o Corporation Service Company
300 Deschutes Way, Ste. 208, MC-CSCI
Tumwater, WA  98501

Re:     Subpoena Duces Tecum

Dear Records Custodian:

Enclosed is a subpoena requiring you to produce certain documents as set forth in the subpoena, Exhibit A.

You may e-mail (preferred) or mail the records to us. Please transmit the records in the following manner:

1. Make legible copies of each and every document as set forth in the subpoena;

2. Sign the enclosed declaration and return it together with the records; and

3. E-mail the records to msatre@swlaw.com and mrsmith@swlaw.com or mail to my attention at 600 University Street, Suite 310, Seattle, WA 98101 so they arrive before the due date for production. Alternatively, if you would like to upload them to a secure folder, please contact Michele Smith at mrsmith@swlaw.com and she will provide you with a link to upload the documents.

We are willing to pay the reasonable costs incurred for reproducing the requested records. Thank you for your assistance in this matter. If you have any questions or particular concerns about producing records sought by the subpoena, please do not hesitate to contact me at (206) 741-1408.

Sincerely,

*Mallory Satre*

Mallory L.B. Satre

Enclosure(s)

cc:     Amy Seymour (Aseymour@cantaloupe.com)

4857-6018-5506

ALBUQUERQUE    BOISE    DALLAS    DENVER    LAS VEGAS    LOS ANGELES    LOS CABOS    ORANGE COUNTY
PHOENIX    PORTLAND    RENO    SALT LAKE CITY    SAN DIEGO    SEATTLE    TUCSON    WASHINGTON, D.C.

Ranade Decl. Ex.
Page 110 of 277

24-01864-FPC11    Doc 22-8    Filed 09/10/24    Entered 09/10/24 14:36:12    Pg 5 of 14

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| FIRST FED BANK, a Washington bank corporation,<br><br>    Petitioner,<br><br>v.<br><br>CREATIVE TECHNOLOGIES, L.L.C., a Washington limited liability company,<br><br>    Respondent. | Case No. 24-2-10753-3 SEA<br><br>**SUBPOENA DUCES TECUM TO CANTALOUPE, INC.** |

TO:    Cantaloupe, Inc.
        c/o Corporation Services Company
        300 Deschutes Way SW Ste 208 Mc-Csc1
        Tumwater, WA, 98501

**YOU ARE COMMANDED** to appear at the place, date and time specified below, or on such date and at such location as counsel for the parties and deponent shall agree, to testify at the taking of a deposition in the above case, said method of recording the testimony to be via court reporter.

| PLACE OF DEPOSITION: | DATE AND TIME: |
|---|---|
| | |

The said oral examination to be subject to continuance or adjournment from time to time, place

SUBPOENA DUCES TECUM TO CANTALOUPE, INC. - 1

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4867-5606-7021.1

to place, and day to day until completed. The witness will give evidence material to the above-captioned action.

☒ **YOU ARE COMMANDED** to produce and permit inspection and copying of the documents in <u>Exhibit A</u>, attached hereto, on or before August 13, 2024, to the place specified below:

| PLACE: | DATE AND TIME: |
|---|---|
| Snell & Wilmer, L.L.P.<br>One Union Square<br>600 University Street, Suite 310<br>Seattle, WA 98101<br>Attn: Michele Smith<br>*An upload link will be provided upon request* | August 13, 2024<br>5:00 p.m. |

| ISSUING OFFICER SIGNATURE AND TITLE: | DATE: |
|---|---|
| */s/ Mallory L. B. Satre*<br>Amit D. Ranade, WSBA # 34878<br>Mallory L. B. Satre, WSBA # 50194<br>Rachael E. Clark, WSBA # 57277<br>Snell & Wilmer, L.L.P.<br>600 University Street, Suite 310<br>Seattle, WA 98101<br>206.741.1420<br>aranade@swlaw.com; msatre@swlaw.com<br>reclark@swlaw.com<br><br>Attorneys for Attorneys for Receiver TurningPointe, LLC d/b/a Turning Point Strategic Advisors | July 29, 2024 |

**CERTIFICATE OF SERVICE**

On the date indicated below, I hereby certify that I caused to be served upon counsel of record, via agreed email service, a true and correct copy of the foregoing document.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 29th day of July, 2024, at Seatac, Washington.

　　　　　　　　　　*s/Brenda K. Partridge*
　　　　　　　　　　Brenda K. Partridge

SUBPOENA DUCES TECUM TO CANTALOUPE, INC. - 2

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4867-5606-7021.1

**CR 45, Sections (c) & (d):**

**(c) Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to subsection (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce and all other parties, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

(i) fails to allow reasonable time for compliance;

(ii) fails to comply with RCW 5.56.010 or subsection (e)(2) of this rule;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden, provided that the court may condition denial of the motion upon a requirement that the subpoenaing party advance the reasonable cost of producing the books, papers, documents, or tangible things.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**d) Duties in Responding to Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information in camera to the court for a determination of the claim. The person responding to the subpoena must preserve the information until the claim is resolved.

SUBPOENA DUCES TECUM TO CANTALOUPE, INC. - 3

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4867-5606-7021.1

24-01864-FPC11   Doc 22-8   Filed 09/10/24   Entered 09/10/24 14:36:12   Pg 8 of 14

Ranade Decl. Ex.
Page 113 of 277

# EXHIBIT A

All docs that refer or relate in any way to:

1. All documents showing that, if applicable, Cantaloupe, Inc. has a business relationship and/or account with (i) Creative Technologies LLC; (ii) Water Station Management LLC; (iii) Refreshing USA LLC; or any of the entities listed in Appendix 1.

2. All documents related to the following companies: (i) Creative Technologies LLC; (ii) Water Station Management LLC; (iii) Refreshing USA LLC; or (iv) any of the entities listed in Appendix 1.

3. All communications from any employees, officers of (i) Creative Technologies LLC; (ii) Water Station Management LLC; (iii) Refreshing USA LLC, including but not limited to Ryan Wear and/or Jeremy Briggs; or (iv) any of the entities listed in Appendix 1.

4. Any and all contracts signed by Ryan Wear and/or Jeremy Biggs with your company, including but not limited to on behalf of (i) Creative Technologies LLC; (ii) Water Station Management LLC; (iii) Refreshing USA LLC; or (iv) any of the entities listed in Appendix 1.

5. A copy of any requests for proposals sent to/or received from Ryan Wear and/or Jeremy Briggs on behalf of any company, including but not limited to (i) Creative Technologies LLC; (ii) Water Station Management LLC; (iii) Refreshing USA LLC; or (iv) any of the entities listed in Appendix 1.

6. A list of all vending machines that Cantaloupe, Inc. that collects funds for the benefit of Ryan Wear and/or Jeremy Briggs on behalf of any company, including but not limited to (i) Creative Technologies LLC; (ii) Water Station Management LLC; (iii) Refreshing USA LLC; or (iv) any of the entities listed in Appendix 1.

7. Full accounting of all funds transmitted to Ryan Wear and/or Jeremy Biggs with your company, including but not limited to on behalf of (i) Creative Technologies LLC; (ii) Water Station Management LLC; (iii) Refreshing USA LLC; or (iv) any of the entities listed in Appendix 1.

8. Financial account information showing where Cantaloupe, Inc. made transfers of electronic funds to Ryan Wear and/or Jeremy Biggs from your company, including but not limited to on behalf of (i) Creative Technologies LLC; (ii) Water Station Management LLC; (iii) Refreshing USA LLC; or (iv) any of the entities listed in Appendix 1. This information shall include, but not but not limited to name of account holder, account institution, account number, cryptocurrecy holding company, account number, and/or account holder.

SUBPOENA DUCES TECUM TO CANTALOUPE, INC. - 4

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4867-5606-7021.1

Ranade Decl. Ex.
24-01864-FPC11    Doc 22-8    Filed 09/10/24    Entered 09/10/24 14:36:12    Pg 9 of 14
Page 114 of 277

9. If applicable, copies of the front and back of any deposited check from Ryan Wear and/or Jeremy Biggs with your company, including but not limited to on behalf of (i) Creative Technologies LLC; (ii) Water Station Management LLC; (iii) Refreshing USA LLC; or (iv) any of the entities listed in Appendix 1, showing the deposit of funds from any payment issued by your company.

SUBPOENA DUCES TECUM TO CANTALOUPE, INC. - 5

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4867-5606-7021.1

**APPENDIX 1**

### Creative Entities

1. Creative Technologies, LLC
2. Creative Technologies Florida, LLC
3. Pistol, Inc.
4. TCR Plumbing LLC

### Refreshing Entities

1. Arizona Water Vendors Inc.
2. Arizona Vendors Inc.
3. Golden State Vending, LLC
4. Ice & Water Vendors, LLC
5. Refreshing USA, LLC
6. Refreshing California, LLC
7. Refreshing Carolines, LLC
8. Refreshing Colorado LLC
9. Refreshing Florida LLC
10. Refreshing Georgia, LLC
11. Refreshing Great Lakes, LLC
12. Refreshing Mid-Atlantic, LLC
13. Refreshing Midwest, LLC
14. Refreshing Midwest Real Estate, LLC
15. Refreshing Montana, LLC
16. Refreshing New Mexico, LLC
17. Refreshing New England LLC
18. Refreshing Texas LLC
19. Refreshing Oklahoma LLC
20. Refreshing Washington, LLC
21. Smart Soda Holdings, Inc.
22. Summit Management Services, LLC
23. Vendpro, LLC d/b/a EliteVend

### Water Station Entities

1. Water Station Management, LLC
2. WaterStation Finance Company, LLC
3. WaterStation Techventure, LLC
4. WST Franchise Systems LLC
5. Water Station Holdings LLC
6. WaterStation Technology, LLC
7. WaterStation Technology II, LLC
8. WST AZ Properties LLC

**Ideal Entities**

1. Ideal 1400 Greenleaf LLC
2. Ideal Greenleaf LLC
3. Ideal Murfreesboro LLC
4. Ideal Industrial Park LLC
5. Ideal AZ Property Investments, LLC
6. K-2 Acquisition, LLC
7. Emery Development, LLC
8. Harrison Street, LLC
9. Smokey Point Holding LLC
10. Group LLC
11. 4300 Forest LLC
12. 1206 Hewitt Ave LLC
13. 70 NO Garden, LLC
14. 3422 W Clarendon LLC
15. 204 NWW LLC
16. 701 Eden Ave LLC
17. 2129 Andrea Lane LLC
18. 602 South Meadow LLC
19. 602 South Mean, LLC
20. 11519 South Petropark LLC
21. 343 Johnny Clark LLC
22. 1118 Virginia Avenue LLC
23. 204 NWW LLC
24. 3209 Van Buren LLC
25. 8825 LLC

4891-6832-6356

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR COUNTY OF KING

| | |
|---|---|
| FIRST FED BANK, a Washington bank corporation,<br><br>                       Petitioner,<br><br>   v.<br><br>CREATIVE TECHNOLOGIES, L.L.C., a Washington limited liability company,<br><br>                       Respondent.<br>                       Defendants. | Case No. 24-2-10753-3 SEA<br><br>DECLARATION OF CUSTODIAN OF RECORDS |

I am the duly appointed custodian of records for:_____

**CERTIFICATION OF RECORDS/MATERIALS**

[ ]    I have diligently and thoroughly searched for all records requested in the Subpoena served upon me. Attached are true copies of all the records known to exist and no records have been withheld, consisting of ___ pages of records.

[ ]    The copies of records that accompany this Declaration are true copies of the records of this business. These records were prepared by the personnel for this business at or near the time of the act, condition, or event described therein.

**DECLARATION OF NO RECORDS/MATERIALS DUE TO THE FOLLOWING:**

[ ]    A thorough search of our records, completed under my direction and based on the specific information provided, did not reveal any documents, records, or materials. Records may potentially exist under a different spelling, name or criteria.

DECLARATION OF CUSTODIAN OF RECORDS - 1

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1402

Ranade Decl. Ex.
24-01864-FPC11   Doc 22-8   Filed 09/10/24   Entered 09/10/24 14:36:12   Pg 13 of 14
Page 118 of 277

1    [ ]    The records requested do not exist because they were destroyed or purged in accordance with our record retention policy. Our records are retained for ___ years.

[ ]    The records requested do not exist because they were lost, stolen, or damaged.

[ ]    Other: The records requested are not provided because

_____

_____

_____

I declare under penalty of perjury that the foregoing is true and correct.

DATED this ___ day of _____, 2024, at _____.
                                                                                                      (City, State)

_____       _____
Custodian of Records (Print Name)       Custodian of Records (Signature)

4864-4957-7631

DECLARATION OF CUSTODIAN OF RECORDS - 2

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420