# Exhibit K

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN HAMILTON COUNTY SUPERIOR COURT 4 |
| | ) SS: | |
| COUNTY OF HAMILTON | ) | CAUSE NO.: 29D04-2402-CC-001521 |

TYLER C. SADEK, and )
FOUNDERS MOSAIC PARTNERS, LLC )
and WATER STATION HOLDINGS LLC )
)
      Plaintiffs, )
)
  v. )
)
RYAN R. WEAR, individually, )
SUMMIT MANAGEMENT SERVICES, )
    LLC, )
WST AZ PROPERTIES, LLC, )
REFRESHING MIDWEST, LLC, )
REFRESHING MIDWEST REAL )
    ESTATE LLC, )
REFRESHING USA, LLC, )
REFRESHING FLORIDA, LLC, )
REFRESHING WASHINGTON, LLC, )
CREATIVE TECHNOLOGIES, LLC, )
IDEAL PROPERTY INVESTMENTS, )
    LLC, )
WATER STATION MANAGEMENT )
    LLC, )
WATERSTATION FINANCE )
    COMPANY, LLC, )
WATERSTATION TECHVENTURE LLC, )
WATERSTATION TECHNOLOGY LLC, )
REFRESHING MID-ATLANTIC LLC, )
REFRESHING CAROLINES LLC, )
REFRESHING GREAT LAKES, LLC, )
REFRESHING USA LLC, )
REFRESHING CALIFORNIA LLC, )
REFRESHING MONTANA, LLC, )
REFRESHING GEORGIA LLC, )
CREATIVE TECHNOLOGIES FLORIDA, )
    LLC, )
2129 ANDREA LANE, LLC, )
3209 VAN BUREN LLC, )
ICE & WATER VENDORS, LLC, )
IDEAL INDUSTRIAL PARK LLC, )
REFRESHING WASHINGTON LLC, )
IDEAL AZ PROPERTY INVESTMENTS, )

1

|  | ) |
|---|---|
| LLC, | ) |
| K-2 ACQUISITION, LLC, | ) |
| EMERGY DEVELOPMENT LLC, | ) |
| ARIZONA WATER VENDORS | ) |
|     INCORPORATED, | ) |
| WST AZ PROPERTIES LLC, | ) |
| 1118 VIRGINIA STREET LLC, | ) |
| 11519 SOUTH PETROPARK, LLC, | ) |
| TCR PLUMBING LLC, | ) |
| 3422 W CLARENDON AVE LLC, | ) |
| 1206 HEWITT AVE LLC, and | ) |
| GOLDEN STATE VENDING, LLC, | ) |
|  | ) |
| Defendants. | ) |

# ORDER GRANTING PLAINTIFF'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNT I AGAINST ALL DEFENDANTS

This cause of action is before the court on the *Complaint* filed by Tyler C. Sadek ("Sadek") on February 12, 2024, Sadek's *Motion for Partial Summary Judgment on Count I* and related *Brief in Support of Motion for Partial Summary Judgment on Count I* and *Designation of Evidence in Support of Motion for Partial Summary Judgment on Count I* filed herein on March 13, 2024, and all pleadings, matters, and evidence submitted by the parties related to the Complaint and the parties' respective summary judgment pleadings.

The Court, having held a hearing on June 7, 2024, having considered the response filed by the Defendants in this matter, and having considered the evidence in the record and being duly advised HEREBY FINDS AND ORDERS as follows

### Findings of Undisputed Facts as to All Defendants

1. Ryan R. Wear, individually, and in his capacity as managing member of all the Guarantor Entities, executed a Promissory Note dated as of December 5, 2023, with the first payment of $1,000,000.00 due on December 13, 2023, and for a total principal amount of

Ranade Decl. Ex.
24-01864-FPC11    Doc 22-13    Filed 09/10/24    Entered 09/10/24 14:36:12    Pg 3 of 10
Page 222 of 277

$10,635,157.55 (the "Promissory Note") due in full on November 1, 2024. (Designation Exhibit 1).

2. Ryan R. Wear and Thirty-Seven Guarantor Entities were listed as "Borrower(s)" on the Promissory Note. (Plaintiff's Designation Exhibit 1).

3. The Promissory Note provides that each of the borrowers, "for value received, I promise to pay to you, or your order …" the principal amount due under the Promissory Note. (Plaintiff's Designation Exhibit 1).

4. The Promissory Note included the following provision:

> 7. Default and Acceleration. If default be made in the payment of any installment or installments of principal and interest, as herein provided, when due, or in the performance of any of the terms or conditions contained herein, then, in any of such events, Borrower shall be obligated to pay a fee (the "Default Fee") equal to 5% of the defaulted installment amount (which fee shall be added to the principal amount of this Note), and the entire principal of this Note (including the Default Fee), irrespective of the maturity date specified herein, together with attorneys' fees incurred in collection or enforcing payment or performance thereof, and without relief from valuation or appraisement laws, shall become immediately due and payable. It is understood that time of payment or performance hereunder is of the essence.

(Plaintiff's Designation Exhibit 1).

5. The Promissory Note also included the following provision:

> Security. This Note shall be secured by a pledge and assignment of all ownership in each Borrower entity. Each Borrower pledges and assigns to Holder all of the units of membership interest of any other Borrower held by the pledging Borrower (the "Pledged Units"), and grants to Holder a first lien on, and security interest in, the Pledged Units together with any and all "Proceeds" (as defined in the applicable Uniform Commercial Code) of or from the Pledged Units, as collateral security for the prompt and complete payment and performance when due of all obligations arising under this Note. Borrowers authorize Holder or his agent to file a UCC-1 Financing Statement in any jurisdiction the Holder deems necessary or desirable to perfect Holder's security interest in the Pledged Units. Upon and after a default under this Note, Holder shall have the following rights and remedies: (a) to cause the issuance and transfer of all or a portion of the Pledged Units to the name of Holder or its nominee(s) (and to direct Borrowers to cause this to happen); (b) all of the rights and remedies of a secured party under the Uniform Commercial Code in effect in all applicable jurisdictions, or under other applicable law, all of which rights and remedies shall be cumulative and non- exclusive; (c) to cause a private or public sale of the

Ranade Decl. Ex.
24-01864-FPC11    Doc 22-13    Filed 09/10/24    Entered 09/10/24 14:36:12    Pg 4 of 10
Page 223 of 277

Pledged Units or any part thereof, upon ten (10) days written notice to the applicable Borrower owner, for cash or credit or for future delivery, as the Holder shall deem appropriate; and (d) all of the other rights or remedies available under this Note or at law or in equity. Until this Note is paid and performed in full, Borrowers will not transfer or create, incur or permit to exist any lien or other adverse claim with respect to any of the Pledged Units, or any Proceeds thereof, except for the liens and security interests provided for in this Note.

6. As of December 12, 2023, the Promissory Note was in default. (Plaintiff's Designation Exhibit 2 & 11).

7. On December 19, 2023, Sadek sent Notice of Default to Defendants and accelerated the debt per ¶7 of the Promissory Note. (Plaintiff's Designation Exhibit 1 (Exhibit 2 to the Complaint).

8. Defendants failed to make the second payment that was due on January 2, 2024, of $1,000,000.00. (Plaintiff's Designation Exhibit 2 & 11).

9. Sadek has received no payments from Ryan R. Wear or any of the Guarantor Defendants on account of the Promissory Note. (Plaintiff's Designation Exhibit 2 & 11).

10. Sadek is not the CFO nor has he every been the CFO of any of the Defendants in this matter.

11. Sadek did not have any fiduciary duty to any of the Defendants.

12. Defendants are sophisticated individuals and entities that knowingly and at arms-length negotiated the terms of the Promissory Note herein.

13. The Promissory Note was supported by consideration and is valid and existing. (Plaintiff's Designation Exhibit 10).

**Conclusions of Law Supporting Entry of**
**Summary Judgment Against All Defendants**

1. This court has jurisdiction over the subject matter of the Plaintiff's Complaint and has jurisdiction over the Defendants pursuant to the Promissory Note ¶11(c).

4

Ranade Decl. Ex.
24-01864-FPC11    Doc 22-13    Filed 09/10/24    Entered 09/10/24 14:36:12    Pg 5 of 10
Page 224 of 277

2. As a part of Sadek's *Motion for Partial Summary Judgment on Count I*, Sadek sought the entry of summary judgment against all the Defendants on the grounds that there are no genuine issues of material fact preventing this Court from entering summary judgment in Sadek's favor on the legal issue that Sadek is entitled to repayment of the debts under the Promissory Note executed between the parties.

3. Here, Ryan R. Wear, comprised a co-maker of the Promissory Note with joint and several liability. *See Parrish v. Terre Haute Sav. Bank*, 431 N.E.2d 132, 138 (1982), where multiple parties executed a promissory note which contained the words "I promise to pay" and the Court found that the parties comprised co-makers who had indicated their agreement to joint and several liability on the promissory note.

4. As a co-maker of the Promissory Note, each Guarantor Entity had joint and several liability to pay the amount due under the Promissory Note. *See* Ind. Code § 26-1-3.1-116(a) which provides, in relevant part, as follows: "(a) Except as otherwise provided in the instrument, two (2) or more persons who have the same liability on an instrument as makers, drawers, acceptors, endorsers who endorse as joint payees, or anomalous endorsers are jointly and severally liable in the capacity in which they sign." Ind. Code § 26-1-3.1-116(a).

5. Defendants are in default of the Promissory Note and have failed to make any payments to Sadek.

6. Defendants secured the Promissory with the Pledged Units of all the Guarantor Entities.

7. Sadek is entitled to an immediate transfer of the Pledged Units of the Guarantor Entities under the Promissory Note.

8. Sadek has been harmed in principal amount of the amount of Fourteen Million Nine

Ranade Decl. Ex.
24-01864-FPC11    Doc 22-13    Filed 09/10/24    Entered 09/10/24 14:36:12    Pg 6 of 10
Page 225 of 277

Hundred Nineteen Thousand and Twenty-Two Dollars and 29/100 Cents ($14,919,022.29).

9. Sadek has incurred legal fees and costs of collection in the amount Twenty Thousand Eight Hundred Sixty-Eight and 50/100 Dollars ($21,868.50).

The Court therefore ORDERS as follows:

A. Sadek's Motion for Partial Summary Judgment on Count I against all Defendants is hereby GRANTED.

B. The Court does hereby expressly determine that there is no just reason for delay and expressly directs entry of judgment as to less than all the issues, claims, or parties as set forth in this Order.

C. Judgment is hereby entered in favor of Sadek and against all Defendants in the amount of Fourteen Million Nine Hundred Nineteen Thousand and Twenty-Two Dollars and 29/100 Cents ($14,919,022.29) together with post-judgment interest accruing on the Judgment amount at the maximum rate allowed by law.

D. Judgment is hereby entered in favor of Sadek and against all Defendants for attorneys' fees and costs in the amount of Twenty Thousand Eight Hundred Sixty-Eight and 50/100 Dollars ($21,868.50).

E. The Pledged Units of all the Guarantor Entities are hereby issued and transferred to Sadek and Defendants are ORDERED to facilitate this transfer.

DATED: **June 27, 2024**

Hon. J. Richard Campbell
June, Hamilton Superior Court 4

Distribution:

Tarek E. Mercho
tk@msfirm.law

6

Ranade Decl. Ex.
24-01864-FPC11    Doc 22-13    Filed 09/10/24    Entered 09/10/24 14:36:12    Pg 7 of 10
Page 226 of 277

David Frangos
dcf@frangos-legal.com

7

24-01864-FPC11    Doc 22-13    Filed 09/10/24    Entered 09/10/24 14:36:12    Pg 8 of 10

STATE OF INDIANA        )        IN HAMILTON COUNTY SUPERIOR COURT 4
                        ) SS:
COUNTY OF HAMILTON      )        CAUSE NO.: 29D04-2402-CC-001521

TYLER C. SADEK, and                              )
FOUNDERS MOSAIC PARTNERS, LLC                    )
and WATER STATION HOLDINGS LLC                   )
                                                 )
    Plaintiffs,                                )
                                                 )
    v.                                         )
                                                 )
RYAN R. WEAR, individually,                      )
SUMMIT MANAGEMENT SERVICES,                      )
    LLC,                                       )
WST AZ PROPERTIES, LLC,                          )
REFRESHING MIDWEST, LLC,                         )
REFRESHING MIDWEST REAL                          )
    ESTATE LLC,                                )
REFRESHING USA, LLC,                             )
REFRESHING FLORIDA, LLC,                         )
REFRESHING WASHINGTON, LLC,                      )
CREATIVE TECHNOLOGIES, LLC,                      )
IDEAL PROPERTY INVESTMENTS,                      )
    LLC,                                       )
WATER STATION MANAGEMENT                         )
    LLC,                                       )
WATERSTATION FINANCE                             )
    COMPANY, LLC,                              )
WATERSTATION TECHVENTURE LLC,                    )
WATERSTATION TECHNOLOGY LLC,                     )
REFRESHING MID-ATLANTIC LLC,                     )
REFRESHING CAROLINES LLC,                        )
REFRESHING GREAT LAKES, LLC,                     )
REFRESHING USA LLC,                              )
REFRESHING CALIFORNIA LLC,                       )
REFRESHING MONTANA, LLC,                         )
REFRESHING GEORGIA LLC,                          )
CREATIVE TECHNOLOGIES FLORIDA,                   )
    LLC,                                       )
2129 ANDREA LANE, LLC,                           )
3209 VAN BUREN LLC,                              )
ICE & WATER VENDORS, LLC,                        )
IDEAL INDUSTRIAL PARK LLC,                       )
REFRESHING WASHINGTON LLC,                       )
IDEAL AZ PROPERTY INVESTMENTS,                   )

Ranade Decl. Ex.
24-01864-FPC11    Doc 22-13    Filed 09/10/24    Entered 09/10/24 14:36:12    Pg 9 of 10
Page 228 of 277

| | |
|---|---|
| LLC, | ) |
| K-2 ACQUISITION, LLC, | ) |
| EMERGY DEVELOPMENT LLC, | ) |
| ARIZONA WATER VENDORS INCORPORATED, | ) |
| WST AZ PROPERTIES LLC, | ) |
| 1118 VIRGINIA STREET LLC, | ) |
| 11519 SOUTH PETROPARK, LLC, | ) |
| TCR PLUMBING LLC, | ) |
| 3422 W CLARENDON AVE LLC, | ) |
| 1206 HEWITT AVE LLC, and | ) |
| GOLDEN STATE VENDING, LLC, | ) |
| | ) |
| Defendants. | ) |

## ORDER GRANTING PETITION FOR APPOINTMENT OF COMMISSIONER

Comes now Plaintiff Tyler C. Sadek ("Sadek"), by counsel, having filed his Petition for Appointment of a Commissioner (the "Motion"), and the Court, having reviewed the Motion and being duly advised in the premises, now GRANTS the Motion as follows.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Rodney T. Sarkovics is hereby appointed as Commissioner with full authority to effectuate the transfer of the Pledged Units on behalf of the Defendants to Sadek, and further to take any and all action necessary for the transfer of the LLCs and the LLCs assets to Sadek.

Dated: **July 19, 2024**

_____
Hon. J. Richard Campbell
Judge, Hamilton Superior Court 4

Distribution to:
*Counsel of Record*