# Exhibit O

24-01864-FPC11    Doc 22-17    Filed 09/10/24    Entered 09/10/24 14:36:12    Pg 1 of 15

CERTIFIED COPY

I CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle. Catherine Cornwall
By Deputy Clerk: Patrick Dahn

**FILED**
2024 MAY 14 02:49 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 24-2-10753-3 SEA

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

FIRST FED BANK, a Washington bank corporation,

                                        Petitioner,

v.

CREATIVE TECHNOLOGIES, L.L.C., a Washington limited liability company,

                                        Respondent.

Case No. 24-2-10753-3 SEA

**STIPULATED ORDER APPOINTING GENERAL RECEIVER**

[Clerk's Action Required]

THIS MATTER having come before the Court upon the motion of First Fed Bank, a Washington bank corporation ("**Petitioner**"), a secured creditor of Creative Technologies, L.L.C. ("**Respondent**"), for appointment of a general receiver; the parties having stipulated to entry of this Order; and the Court having duly considered the records and files herein and being fully advised in the premises, the Court hereby finds as follows:

A.        Respondent is indebted to Petitioner under a commercial loan (the "**Loan**") evidenced, in part, by that certain Promissory Note dated as of December 10, 2020, executed by Respondent and payable to the order of Petitioner, in the stated principal amount of Twenty-One Million Dollars ($21,000,000.00) (as amended, restated, or otherwise modified from time to time, the "**Note**"), and governed by the terms and conditions of that certain Business Loan Agreement dated as of December 10, 2020, by and between Respondent and Petitioner, and that certain Main Street Priority Loan Facility Borrower Certification and Covenants dated as of December 10, 2020,

STIPULATED ORDER APPOINTING GENERAL RECEIVER - 1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134777.0001/9212563.4

I CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle. Catherine Cornwall
By Deputy Clerk: Patrick Dahn

1  and executed by Respondent (the "**Main Street Certification**," and together with the Business

2  Loan Agreement, the "**Loan Agreement**").

3      B.    The Loan is secured, in part, by substantially all of Respondent's assets, including,

4  without limitation, all inventory, equipment, accounts, chattel paper, instruments, letter-of-credit

5  rights, letters of credit, documents, deposit accounts, investment property, money, general

6  intangibles, other rights to payment and performance, and all proceeds thereof, including revenues

7  and payments on account of machines in the possession of third parties (collectively, the

8  "**Collateral**") pursuant to and as more fully described in (i) that certain Commercial Security

9  Agreement dated as of December 10, 2020, executed by Respondent for the benefit of Petitioner

10  (as amended, restated or otherwise modified from time to time, the "**Security Agreement**"), and

11  (ii) that certain Patent Security Agreement dated as of December 10, 2020, by and between

12  Respondent and Petitioner (as amended, restated or otherwise modified from time to time, the "**IP**

13  **Security Agreement**").

14      C.    Petitioner's security interest in the Collateral is properly perfected pursuant to a

15  UCC financing statement filed with the Washington Department of Licensing on December 17,

16  2020, under Washington File Number 2020-352-0494-5. Accordingly, Petitioner has an interest

17  in Respondent's business, assets, and the Collateral that is a subject of the action.

18      D.    Respondent is in default under the Loan documents, including for delinquent

19  reporting, certain cross-defaults, and other defaults.

20      E.    Petitioner and Respondent expressly consent to the appointment of a receiver and

21  stipulate to entry of this Order.

22      F.    Petitioner has an interest in Respondent's business and assets, and Respondent's

23  business and assets and its revenue producing potential are in danger of being lost or materially

24  injured or impaired.

25      G.    A receiver is reasonably necessary to protect and preserve Respondent's business

26  and assets, and to avoid further loss, injury and impairment to Petitioner's interest therein.

STIPULATED ORDER APPOINTING GENERAL RECEIVER - 2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134777.0001/9212563.4

CERTIFIED COPY

I CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle. Catherine Cornwall
By Deputy Clerk: Patrick Dahn

H.     Turning Point Strategic Advisors is qualified to act as a general receiver for Respondent and its business and assets.

THEREFORE, IT IS HEREBY ORDERED THAT:

1.     Appointment.  Turning Point Strategic Advisors (hereinafter referred to as the "**Receiver**") is appointed as the general receiver with respect to Respondent's operations (the "**Business**"), and all of its assets and tangible and intangible real and personal property (together, with the Business, the "**Assets**"), wherever located and with respect to all products and proceeds thereof, with authority to take exclusive possession and control of the Assets pursuant to the terms of this Order and RCW 7.60. The Receiver shall not be subject to the control of any party to this proceeding, but shall be subject only to the Court's direction in the fulfillment of the Receiver's duties.  The appointment of the Receiver shall be effective on the date that the Receiver files the bond required under paragraph 2 below (the "**Effective Date**").

2.     Bond.  Within five (5) court days following entry of this Order, the Receiver shall execute and file with the Court either cash or a bond in the amount of $10,000 or such other amount set by the Court in accordance with RCW 7.60.045 *et seq.*, with a surety authorized by the Washington Commissioner of Insurance to engage in the business of suretyship in the state of Washington, in favor of the Clerk of the King County Superior Court, on the condition that the Receiver will faithfully discharge the duties of Receiver in this action and obey the orders of the Court herein.  The Receiver is authorized to pay (or be reimbursed for) any premium or other fee of the surety providing such bond from the Assets, as an expense of the Receiver, without further order of this Court.

3.     Schedules.  To the extent the Receiver is unable to meet the deadline to file schedules imposed by RCW 7.60.090, the Receiver shall have an additional twenty (20) days to complete these tasks, provided the Receiver advises Petitioner that the Receiver requires additional time.

4.     Authority of the Receiver.  Unless and until otherwise ordered by the Court, the Receiver shall be a General Receiver as defined in RCW 7.60.015, and with the power, rights and

STIPULATED ORDER APPOINTING GENERAL RECEIVER - 3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134777.0001/9212563.4

CERTIFIED COPY

I CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle. Catherine Cornwall
By Deputy Clerk: Patrick Dahn

1  authority vested in it by RCW 7.60.060.  In addition:

2        a.      The Receiver is authorized to (i) sell the Assets, whether in bulk, or in parts,

3  and whether as a going concern or by liquidation, and/or (ii) wind up Respondent's affairs,

4  pursuant to and in accordance with the notice, hearing and other procedures set forth in RCW 7.60,

5  including under RCW 7.60.260 (which said notice will include notice to Petitioner and

6  Respondent, through counsel).  The Receiver's sale(s) of the Assets shall be effected free and clear

7  of liens and of all rights of redemption, whether or not the sale will generate proceeds sufficient to

8  fully satisfy all claims secured by the Assets; provided that Receiver shall not sell any Assets

9  outside the ordinary course without Petitioner's advance consent in the absence of a Court order.

10  Upon any sale free and clear of liens in accordance with this Order, all security interests and other

11  liens encumbering the property conveyed transfer and attach to the proceeds of the sale, net of

12  reasonable expenses incurred in the disposition of the property and receivership expenses allocated

13  to the disposition of the property, in the same order, priority, and validity as any liens had with

14  respect to the property immediately before the conveyance.

15        b.      The Receiver may, but is not required to, open and maintain such bank

16  accounts with Petitioner as may be necessary for the deposit of monies collected or received by

17  the Receiver.  The deposits or proceeds of deposits deposited in Respondent's bank accounts may

18  be transferred to the Receiver's account.  To the extent that any account is opened by the Receiver

19  in its name, the account and the proceeds therein shall be subject to the security interest of

20  Petitioner, without the need for Petitioner to take any further action to perfect its security interest;

21  provided, however, that the Receiver shall execute any document reasonably requested by

22  Petitioner to ensure the perfection of the security interest in its favor.

23        c.      The Receiver, in the performance of the Receiver's duties, may employ such

24  persons as the Receiver deems appropriate, including current employees of Respondent, in

25  connection with the Receiver's management and operation of the Business and the sale of Assets.

26  All such persons, including any persons who may also be directors, officers or employees shall be

subject to the management and direction of the Receiver in connection with their performance of

STIPULATED ORDER APPOINTING GENERAL RECEIVER - 4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134777.0001/9212563.4

I CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle. Catherine Cornwall

By Deputy Clerk: Patrick Dahn

1    any duties associated with such employment by the Receiver. The Receiver shall be free at all

2    times to terminate the employ of any such person.

3           d.      The Receiver is authorized, but not required, to bring and prosecute actions

4    for the recovery of Assets in the possession of third-parties and for collection of any sums now or

5    hereafter owing to Respondent or the Receiver. The Receiver may undertake its collection duties

6    in Respondent's and/or the Receiver's name in assisting him with the collection of Respondent's

7    uncollected accounts receivable and other claims. The Receiver may alter the place of payment,

8    settle, compromise, and otherwise take all actions necessary to collect all outstanding accounts

9    receivable of Respondent, without further order of the Court and to liquidate all other Assets,

10    including without limitation, notifying account debtors to pay the Receiver directly the proceeds

11    of all outstanding accounts receivable. A copy of this Order may be remitted to account debtors

12    and may be relied upon by account debtors as authority to pay the Receiver solely and directly.

13    Any account debtor who makes payment to the Receiver shall have full credit in the amount of

14    such payment with respect to its obligations owing to Respondent.

15           e.      The Receiver shall have the power to do all things which the owner of the

16    Assets might do in the ordinary course of business as a going concern or use of the Assets including

17    but not limited to, and without further order of the Court, the payment of rent, and purchase or

18    acquisition of such goods, materials, services and supplies as the Receiver deems to be necessary

19    or appropriate to preserve and protect the Assets. Payment of expenses incurred in the ordinary

20    course of the Business, including but not limited to payroll, payroll taxes, rent, employee benefits,

21    property management company fees, as applicable, utilities, insurance, taxes, landscaping,

22    janitorial services, and maintenance shall not require prior approval of the Court, provided that

23    such expenses are consistent with the Budget.

24           f.      The Receiver, without further order of the Court, in its sole discretion, is

25    authorized to perform or contract for accounting, consulting and tax services with respect to the

26    Business, as necessitated by this proceeding or as may be required by law in the performance of

STIPULATED ORDER APPOINTING GENERAL RECEIVER - 5

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134777.0001/9212563.4

CERTIFIED COPY

I CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle. Catherine Cornwall
By Deputy Clerk: Patrick Dahn

1    the Receiver's duties.

2        g.    The Receiver, in its discretion, may delegate performance of certain of the

3    Receiver's clerical and accounting duties and functions, and may employ such attorneys or other

4    professionals as the Receiver may require in connection with the proper performance of the

5    Receiver's duties.

6        h.    The Receiver is authorized to make such repairs, replacements, alterations

7    or improvements to the Assets as the Receiver determines to be prudent or necessary. Unless

8    otherwise ordered by the Court, the Receiver is not obligated to undertake, and will have no

9    liability for any remediation or cleanup with respect to hazardous materials presently existing

10    under, on or about any real property used, occupied or operated by Respondent.

11        5.    Diligence. The Receiver, to the extent that sufficient funds are available, shall

12    investigate the Business, financial condition and other circumstances and prospects of operating

13    the Business or disposing of the Assets by sale or lease and shall, subject to the terms of this Order,

14    be authorized without further order of this Court, to have the exclusive power and authority to

15    manage, operate, lease, maintain and control the Assets.

16        6.    Records Systems. The Receiver shall establish and maintain such accounting,

17    bookkeeping and record-keeping systems as the Receiver determines to be advisable in the

18    Receiver's business judgment in connection with its operation and management of the Business

19    and Assets.

20        7.    Petitioner's First Priority Security Interest. Petitioner holds a first priority perfected

21    security interest against all the Assets, including, but not limited to, all cash, accounts receivable,

22    collections and cash proceeds of Assets (the "**Cash Collateral**"). The Receiver may only use the

23    Cash Collateral pursuant to rolling 13-week budget forecasts (each, a "**Budget**") to be approved

24    by Petitioner.

25        8.    Receiver's Compensation. The Receiver is authorized to pay Receiver

26    compensation at the rate of $400 per hour for Eric Camm, $275 per hour for the chief financial

officer and controller, $250 per hour for the analyst, and $200 per hour for support staff, and to

STIPULATED ORDER APPOINTING GENERAL RECEIVER - 6

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134777.0001/9212563.4

I CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle. Catherine Cornwall
By Deputy Clerk: Patrick Dahn

1  reimburse its expenses pursuant to paragraphs 11-12 below.

2      9.    <u>Professionals/Attorneys</u>.  The Receiver may retain attorneys, accountants and other

3  professional services to assist him in carrying out his obligations as Receiver.  Should the Receiver

4  conclude that it is in the best interests of the receivership estate to retain legal counsel or other

5  professionals, the terms thereof shall be established by separate motion pursuant to RCW 7.60.180.

6      10.    <u>Receiver's Authority to Incur Indebtedness</u>.  In the event that the Receiver

7  determines that there are inadequate funds being generated from the operation of the Business to

8  fund the expenses of the Receivership, Petitioner may, without further order of the Court, in its

9  sole discretion and at the request of the Receiver, advance such funds as are deemed necessary by

10  the Receiver, in its sole discretion, for the purpose of protecting and preserving the Assets,

11  including, but not limited to, the maintenance and operation of the company and Business, and that

12  any and all such funds advanced by Petitioner to the Receiver shall be charged against and paid

13  out of the Receivership and shall be entitled to a first and paramount lien against the Business and

14  Assets (the "**Petitioner Receivership Financing Lien**").

15      11.    <u>Payment of the Receiver's and Professionals' Fees and Costs</u>.  Following the

16  Effective Date, the Receiver is authorized to disburse funds from the Receivership estate,

17  including, without limitation, the Assets, as payment for its fees and costs and for the fees and

18  costs of its professionals on a periodic basis, but in any event not more than monthly, as follows:

19      a.    The Receiver shall file a notice of compensation of professionals (the

20  "**Compensation Notice**") and serve such Compensation Notice, together with a reasonably

21  detailed description of the relevant time periods, services rendered, and amount of compensation

22  requested on: (i) Petitioner, (ii) Respondent, (iii) all persons that have requested notice in this

23  Receivership; and (iv) any person that has, to the Receiver's actual knowledge, asserted any lien

24  against the Assets.  If no person objects to the proposed disbursement within ten (10) calendar days

25  following the date of service of the Compensation Notice, the proposed disbursement shall be

26  deemed approved as being fully and finally earned without further order or leave of the Court.

    b.    If any person wishes to object to a proposed disbursement described in the

STIPULATED ORDER APPOINTING GENERAL RECEIVER - 7

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134777.0001/9212563.4

I CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle. Catherine Cornwall
By Deputy Clerk: Patrick Dahn

Compensation Notice, or any portion thereof, such person shall deliver a written objection to the Receiver, the Receiver's general counsel (if any), and all persons upon which the Compensation Notice was served, that details the nature of the objection within the ten-day objection period set forth above. If the Receiver or affected professionals cannot consensually resolve the dispute with the objecting person or if the dispute is not resolved within thirty (30) days of the date of the objection, the objecting party may file a motion with the Court to resolve the objection. If the objecting party does not file such motion within forty-five (45) days after the date of service of the Compensation Notice, the objection will be deemed withdrawn and the Receiver may pay itself and all other professionals as set forth in the Compensation Notice.

c. In the event the Receivership estate is without sufficient liquid cash funds to defray on a current basis the reasonable fees and costs earned and incurred by the Receiver and its professionals and the expenses of this Receivership or any of the projected future fees, costs, and expenses of the Receivership, and Petitioner elects not to advance such funds, good cause for termination of the Receivership shall be deemed to exist and, upon application by the Receiver and/or any of its professionals, establishing such lack of funding for the Receivership, the appointment of the Receiver and/or its professionals shall be terminated and the Assets shall be distributed as the Court may then direct.

d. Any secured creditor who receives notice of the Receivership pursuant to RCW 7.60.200 and fails to seek the removal of the Receiver or dismissal of the Receivership, within thirty (30) days following the date upon which notice is mailed to creditors, shall be deemed to have consented to the Receivership only for the purposes of RCW 7.60.230(1)(b); provided, however, that pursuant to the provisions of this Order and the applicable provisions contained in RCW 7.60 *et seq.*, any secured creditor shall have the right to object to the amount of any administrative expenses, including, without limitation, the fees, charges and expenses of the Receiver, its attorneys and other professional persons, entitled to priority over the claims of such secured creditor pursuant to RCW 7.60.230(1)(b).

12. Surcharging Lien. The approved fees and costs of the Receiver and its attorneys or

STIPULATED ORDER APPOINTING GENERAL RECEIVER - 8

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134777.0001/9212563.4

CERTIFIED COPY

I CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle. Catherine Cornwall
By Deputy Clerk: Patrick Dahn

1 other professionals employed by it pursuant to the authority granted by this court, together with all

2 other necessary and reasonable expenses incurred by this receivership in connection with

3 preserving, protecting or disposing of Assets, and to the extent consistent with the Budget, shall

4 be a first and paramount surcharging lien against the Assets, with priority over all other persons

5 claiming an interest in or lien upon the Assets (the "**Receiver Lien**"), with the exception of any

6 Petitioner Receivership Financing Lien. Petitioner agrees that it will allow the use of its Cash

7 Collateral for the approved costs and fees of the Receiver, its counsel and employees in the

8 amounts set forth in the attached Budget or such amended Budget as may be agreed to by

9 Petitioner.

10       13.    Receiver Reports. The Receiver shall file with the Court a monthly report of the

11 Receiver's operations and financial affairs of Respondent in accordance with RCW 7.60.100. Each

12 report of the Receiver shall be due by the last day of the subsequent month and shall include the

13 following:

14          a.    A balance sheet;

15          b.    A statement of income and expenses;

16          c.    A statement of cash receipts and disbursements;

17          d.    A statement of accrued accounts receivable of the Receiver, which shall

18              disclose amounts considered to be uncollectable; and

19          e.    A summarized statement of accounts payable of the Receiver, including

20              professional fees.

21 The first such report shall be due on the last day of the month following entry of this Order, for the

22 period after the Receivership is commenced.

23       14.    Executory Contracts and Unexpired Leases. The Receiver is authorized to assume

24 or reject executory contracts and unexpired leases of Respondent, as the Receiver deems to be in

25 the best interests of the creditors generally, provided such assumption or rejection shall require a

26 further order of this Court upon appropriate notice to the parties in accordance with RCW 7.60.130.

      15.    Abandonment. In accordance with RCW 7.60.150, the Receiver, upon order of the

STIPULATED ORDER APPOINTING GENERAL RECEIVER - 9

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134777.0001/9212563.4

I CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office at Seattle. Catherine Cornwall office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle. Catherine Cornwall By Deputy Clerk: Patrick Dahn

1    Court following notice and a hearing, and upon the conditions or terms the Court considers just

2    and proper, may abandon any estate property that is burdensome to the Receiver or is of

3    inconsequential value or benefit.  Property that is abandoned shall no longer constitute estate

4    property.

5        16.    Services/Tax Returns.  The Receiver is authorized to perform and/or direct

6    performance of legal, accounting, consulting and tax services with respect to the Assets, as

7    necessitated by this proceeding or by law in connection with the performance of the Receiver's

8    duties.  Subject to the availability of funds, the Receiver shall cause to be paid when due all taxes

9    and withholdings, and all workers' compensation, industrial insurance or similar premiums or

10    payments, which Respondent incurs and becomes obligated to pay after the Effective Date as

11    regards the Business or Assets.  Nothing in this Order shall be construed as imposing any liability

12    on the Receiver for: (a) any taxes, of any kind, which accrued prior to the date of the entry of this

13    Order, and (b) any obligations of Respondent arising prior to the date of the entry of this Order.

14    The Receiver shall have no obligation to file tax returns on behalf of Respondent.

15        17.    Preservation of Licenses. The Receiver in its sole discretion is authorized to acquire

16    or renew, or seek reinstatement of all governmental licenses, permits or other authorizations, either

17    in the Receiver's name or in the name of Respondent, pertaining to the Assets or any aspect of the

18    Business.

19        18.    Insurance.  The Receiver in its sole discretion is authorized to review all existing

20    insurance coverage with respect to the Assets and to procure and/or maintain such insurance as the

21    Receiver deems to be necessary to preserve and protect the Assets.  With respect to any insurance

22    coverage in existence or obtained, the Receiver shall be named as an additional insured on the

23    policies for the period of the receivership.  If sufficient insurance coverage does not exist, the

24    Receiver shall procure sufficient all-risk and liability insurance on the Assets (excluding

25    earthquake and flood insurance) provided, however, that if the Receiver does not have sufficient

26    funds to do so, the Receiver shall seek instructions from the Court with regard to adequately

insuring the Assets.  The Receiver shall not be responsible for claims arising from the lack of

STIPULATED ORDER APPOINTING GENERAL RECEIVER - 10

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134777.0001/9212563.4

CERTIFIED COPY

I CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle. Catherine Cornwall
By Deputy Clerk: Patrick Dahn

1   procurement or inability to obtain insurance.

2        19.    Preservation of Assets. Unless and until otherwise ordered by the Court, and except

3   as otherwise expressly provided by this Order or by other order of this Court, the Receiver is

4   authorized to do all other things determined by the Receiver to be reasonably necessary or

5   incidental to the performance of the Receiver's duties, for the purpose of protecting, enhancing

6   and preserving the Assets.

7        20.    No Receiver Liability. No obligation incurred by the Receiver in the good faith

8   performance of the Receiver's duties, whether pursuant to contract, by reason of any tort, or

9   otherwise, shall be the Receiver's personal obligation. Rather, the recourse of any person or entity

10  to whom the Receiver becomes obligated in the good faith performance of the Receiver's duties

11  shall be solely against the Assets. Notwithstanding any provisions of this Order which may be

12  construed otherwise, the Receiver shall not be required to expend any of its own funds to comply

13  with any of the provisions of this Order.

14       21.    Duty of Cooperation. Respondent, and its officers, directors, managers, employees,

15  agents, accountants and attorneys, shall cooperate with the Receiver in connection with the

16  Receiver's assumption and performance of the Receiver's duties, so as to enable the Receiver to

17  assume and perform the Receiver's duties without jeopardy to the Assets. Respondent and its

18  directors, officers, managers, employees, agents, accountants and attorneys shall provide the

19  Receiver promptly upon request with all documents and records (including but not limited to

20  financial records) and all information and with access to the Assets, and all employees of

21  Respondent (both within or without the state of Washington), which the Receiver at any time may

22  request from it. Respondent and its directors, officers, managers, employees, agents, accountants

23  and attorneys are hereby enjoined from obstructing, delaying or interfering with the Receiver in

24  the performance of the Receiver's duties.

25       22.    No Appraisal or Inventory Required. The Receiver is excused from seeking an

26  independent professional appraisal of the Assets or filing an inventory, absent a further order of

STIPULATED ORDER APPOINTING GENERAL RECEIVER - 11

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134777.0001/9212563.4

I CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle. Catherine Cornwall

By Deputy Clerk: Patrick Dahn

1    this Court.

2        23.     Utilities. Any utility company providing services to Respondent, including gas,

3   electricity, water, sewer, trash collection, telephone, communications or similar services, shall be

4   prohibited from discontinuing service based upon unpaid bills incurred by Respondent. Further,

5   such utilities shall transfer any deposits held by the utility to the exclusive control of such Receiver

6   and be prohibited from demanding that the Receiver deposit additional funds in advance to

7   maintain or secure such services.

8        24.     Mail. Receiver may issue demand that the U.S. Postal Service grant exclusive

9   possession and control of mail including postal boxes as may have been used by Respondent, and

10   may direct that certain mail related to Respondent and the Assets be redirected to Receiver.

11        25.     Further Construction. If the Receiver is at any time uncertain as to the scope of the

12   Receiver's authority or as to any matter affecting or relating to the performance of the Receiver's

13   duties, the Receiver shall be free to seek and obtain instructions from this Court with respect to

14   such matters upon motion and notice to the parties. The Receiver at any time may apply for a

15   modification of this Order or for further powers, if such a modification or further powers are

16   considered by the Receiver to be necessary for the performance of the Receiver's duties or for the

17   preservation or protection of the Assets.

18        26.     Discharge/Final Report. The Receiver shall continue to perform the duties provided

19   for by this Order until the Receiver is discharged by order of this Court. Upon distribution or

20   disposition of all property of the estate, or the completion of the Receiver's duties with respect to

21   estate property, the Receiver shall move the Court to be discharged. The Receiver shall file a final

22   report and accounting setting forth all receipts and disbursements of the estate which shall be

23   annexed to the petition for discharge and filed with the court. Upon approval of the final report,

24   the court shall discharge the Receiver and exonerate the Receiver's bond. The Receiver's

25   discharge shall release the Receiver from any further duties and responsibilities as receiver under

26   RCW 7.60 *et seq.*

       27.     Jurisdiction. This Court shall retain jurisdiction over any disputes arising from the

STIPULATED ORDER APPOINTING GENERAL RECEIVER - 12

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134777.0001/9212563.4

CERTIFIED COPY

I CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF. I have affixed this Seal of said Superior Court at my office at Seattle. Catherine Cornwall
By Deputy Clerk: Patrick Dahn

1  receivership, or relating to the Receiver, which jurisdiction shall be exclusive and shall survive the

2  termination of the receivership.

3     28.    No Petitioner Stay.  Notwithstanding RCW 7.60.110, this Order shall not stay or

4  otherwise impact Petitioner's enforcement of its security interest in any Assets and rights under

5  any credit documents, or its enforcement of its security interest in any assets owned by, or in the

6  possession of, third-parties, absent order of this Court to the contrary.

7     29.    By stipulating to this Order, Respondent is not waiving any rights to notice, to

8  object to motions and approvals sought by the Receiver, or to otherwise participate in the

9  receivership proceedings under RCW 7.60, unless expressly waived or modified herein.

10     ENTERED this ___ day of _____, 20___.

11

12

13                                                    _____
                                                     JUDGE/COURT COMMISSIONER
   Approved for Entry;
14  Presented by:

15  LANE POWELL PC

16

17  By_____
      Gregory R. Fox, WSBA No. 30559
18    James B. Zack, WSBA No. 48122
   Attorneys for Petitioner First Fed Bank
19
   Stipulated and Agreed;
20  Notice of Presentation Waived:

21  PATRICK L. VAIL, PLLC

22

23  By_____
      Patrick L. Vail, WSBA No. 34513
24  Attorneys for Respondent Creative Technologies, L.L.C.

25

26

STIPULATED ORDER APPOINTING GENERAL RECEIVER - 13

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

134777.0001/9212563.4

CERTIFIED COPY



I CATHERINE CORNWALL, Clerk of the Superior Court of the State of Washington for King County, do hereby certify that this copy is a true and perfect transcript of said original as it appears on file and of record in my office and of the whole thereof. IN TESTIMONY WHEREOF, I have affixed this Seal of said Superior Court at my office at Seattle. Catherine Cornwall

By Deputy Clerk: Patrick Dahn

## King County Superior Court
## Judicial Electronic Signature Page

Case Number: 24-2-10753-3

Case Title: FIRST FED BANK VS CREATIVE TECHNOLOGIES

Document Title: Order

Signed By: Michael R. Scott

Date: May 14, 2024

Judge: Michael R. Scott

This document is signed in accordance with the provisions in GR 30.

Certificate Hash: 099C583EFDD05FB18A3076329526934213FAC4A0

Certificate effective date: 3/30/2023 1:30:41 PM

Certificate expiry date: 3/30/2028 1:30:41 PM

Certificate Issued by: C=US, E=kcscefiling@kingcounty.gov, OU=KCDJA, O=KCDJA, CN="Michael Scott: Po6Ro6kz7RG4KIcIp8tZaw=="

Page 1 of 1