# Exhibit P

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

FIRST FED BANK, a Washington bank corporation,

Petitioner,

v.

CREATIVE TECHNOLOGIES, L.L.C., a Washington limited liability company,

Respondent.

Case No. 24-2-10753-3 SEA

[PROPOSED]

ORDER GRANTING MOTION TO AMEND APPOINTING ORDER AND FOR OTHER RELIEF

THIS MATTER came before the Court on the motion ("**Motion**") of TurningPointe LLC d/b/a Turning Point Strategic Advisors ("**Turning Point**" or "**Receiver**"), this Court's duly appointed general receiver, to amend the Stipulated Order Appointing General Receiver, Dkt. #6 ("**Appointing Order**").

The Court has considered the Motion, all papers filed in support thereof, and all papers filed in opposition thereto (if any). In addition, the Court heard oral argument from interested parties on Thursday, September 5, 2024, at 1:30 p.m. in the Ex Parte Department.

I. FINDINGS

Having considered the foregoing, and being fully advised in the matter, the Court hereby FINDS as follows:

1. Adequate notice of the Motion was provided to the appropriate parties and no further

ORDER GRANTING MOTION TO AMEND APPOINTING ORDER AND FOR OTHER RELIEF - 1

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4879-0069-2949.2

Ranade Decl. Ex.
24-01864-FPC11    Doc 22-18    Filed 09/10/24    Entered 09/10/24 14:36:12    Pg 2 of 8
Page 271 of 277

notice in connection with the entry of this Order is or shall be required.

**A.  Background**

2. On May 14, 2024, this Court appointed Turning Point as general receiver for Creative Technologies, LLC. This Court has separately appointed Turning Point as general receiver for Ideal Property Investments LLC under cause number 24-2-08418-5 SEA.

3. Ryan Wear is the Manager of Creative, Refreshing USA LLC, Water Station Management LLC (collectively, "**Debtor Entities**") and Ideal. Jeremy Briggs is the Controller of Debtor Entities and Ideal.

**B.  Debtor Entities Comprise a Single Business Enterprise**

4. Mr. Wear tracked all water machines and vending machines purportedly owned by one of the Debtor Entities or Creative's creditors in a single Vending Management System in which there is no information tying individual machines to investors, lenders, or owners.

5. Mr. Wear maintains a database of water machines and vending machines in storage in properties owned by Ideal or third parties. This database also contains no information tying individual machines to investors, lenders, or owners.

6. Mr. Wear directed his payment processor to connect machines in the field to deposit accounts in the name of Refreshing or its subsidiaries, including machines that are or should be owned by Creative or the creditors of Creative.

7. Mr. Wear and Mr. Briggs then transferred money between the deposit accounts of Debtor Entities and their subsidiaries to pay entity-specific obligations or evade creditors.

8. In soliciting new capital for a potential re-capitalization or re-financing, Mr. Wear has presented Debtor Entities and Ideal as a single business enterprise.

9. Accordingly, the Court finds and concludes that Mr. Wear did not maintain or respect the corporate form as between Debtor Entities and, instead, he operated Debtor Entities as a single enterprise whose assets and liabilities cannot be reasonably separated.

ORDER GRANTING MOTION FOR MANAGEMENT AUTHORITY - 2

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4879-0069-2949.2

24-01864-FPC11    Doc 22-18    Filed 09/10/24    Entered 09/10/24 14:36:12    Pg 3 of 8

Ranade Decl. Ex. Page 272 of 277

## C. Prior and Continuing Unfair and Deceptive Acts

10. In the period before Receiver's appointment, and as indicated in several pending lawsuits, Mr. Wear, in his capacity as Manager of Debtor Entities, knowingly caused Debtor Entities to misrepresent the number and existence of water machines in connection with sales, investments, and secured loans involving said creditors.

11. In his capacity as Manager of Debtor Entities and Ideal, Mr. Wear is presently overseeing the preparation by Marcum LLC of a "Due Diligence Report" intended to support his solicitation of new investments and new financing for Debtor Entities and Ideal ("**Marcum Report**")

12. The Marcum Report contains material misrepresentations regarding Debtor Entities' assets liabilities, and operations. This includes without limitation the number of water machines and vending machines owned or controlled by Debtor Entities, the number and condition of real property, cash flow, operations activities, and other facts material to potential investors and lenders.

13. Mr. Wear knows or should know that this material information in the Marcum Report is false. Mr. Wear nevertheless intends for future investors and lenders rely upon it.

14. In his capacity as Manager, Mr. Wear has also knowingly obfuscated and misrepresented this receivership and the Ideal Receivership to members of the public—including building tenants, Debtor Entities' employees, potential investors and lenders, and vendors.

15. Mr. Wear has intended for members of the public to rely on his knowingly supplied misinformation regarding this receivership and Ideal Receivership.

16. To the detriment of creditors, Mr. Wear's knowing misrepresentations have and are continuing to: (i) impede Receiver's efforts to locate, marshal, and liquidate assets; and (ii) increase Debtor Entities' exposure to civil and criminal liability for fraud, violations of the Consumer Protection Act, ch. 19.86 RCW ("**CPA**") and other laws.

17. Accordingly, the Court finds and concludes that Mr. Wear has engaged in unfair and deceptive acts and practices both before and after Receiver's appointment in a past and continuing violation of the CPA.

ORDER GRANTING MOTION FOR MANAGEMENT AUTHORITY - 3

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4879-0069-2949.2

Ranade Decl. Ex.
24-01864-FPC11    Doc 22-18    Filed 09/10/24    Entered 09/10/24 14:36:12    Pg 4 of 8
Page 273 of 277

18. The Court further concludes that it has equitable authority under the CPA to enjoin further violations through appropriate equitable relief. RCW 19.86.090.

D. **Unauthorized Disposition of Assets**

19. On April 26, 2024, before this Court appointed Receiver, the Snohomish County Superior Court entered a temporary restraining order in the matter of *Pacific Water Technology, LLC, et al. v. Ryan Wear, et al.*, Cause No. 24-2-02887-31 ("**TRO**") that, among other things, explicitly prohibits Mr. Wear from disposing any assets owned, possessed, or controlled by any of Debtor Entities.

20. Upon Receiver's appointment, RCW 7.60.110 imposed an automatic stay that further restrained Mr. Wear from disposing of receivership property, which includes any assets traceable to Creative or its creditors.

21. The Appointing Order further constrains Mr. Wear from disposing of assets owned by Creative or traceable to Creative or its creditors.

22. In the last two months, and after Receiver's appointment, Wear has in his capacity as Manager has caused Debtor Entities and their subsidiaries to sell machines constituting or traceable to property of the receivership estate in violation of the TRO, Appointing Order, and RCW 7.60.110.

23. Mr. Wear did not report these sales to Receiver or the Court, nor did he obtain this Court's approval as required by RCW 7.60.260. Further, Mr. Wear has not accounted for the proceeds of these unauthorized sales.

24. Further, and in spite of Receiver's appointment, Mr. Wear in his capacity as Manager has continued to solicit new investors and new financing with offers to sell or encumber machines that are property of the receivership estate or traceable to property of the receivership estate.

25. In the course of this conduct, Mr. Wear has made and continues to make material misrepresentations to potential lenders and investors as detailed above.

26. Moreover, Mr. Wear has pursued this course of conduct without full and complete

ORDER GRANTING MOTION FOR MANAGEMENT AUTHORITY - 4

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4879-0069-2949.2

disclosure to Receiver and the Court, without Receiver's support or this Court's approval.

27. Mr. Wear persisted in this conduct despite repeated warnings from Receiver that any transaction involving receivership assets requires Receiver's support and, ultimately, this Court's approval pursuant to RCW 7.60.260.

28. Accordingly, the Court finds and concludes that Mr. Wear has violated and is in contempt of the TRO, the Appointing Order, and RCW 7.60.110 by marketing and selling property of the receivership estate or traceable to the receivership estate without the approval of this Court.

29. The Court further concludes that it has inherent authority to issue orders in equity to enforce the foregoing orders and automatic stay and to effectuate the purposes of the Receivership Act. *See In re Applied Restoration, Inc.*, 28 Wn. App. 2d 881, 890, 539 P.3d 837 (2023).

## II. ORDER

NOW THEREFORE, having found and concluded the foregoing, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. The Motion is GRANTED;

2. Paragraph 1 of the Amended Appointing Order is hereby amended and restated as follows:

> Appointment. Turning Point Strategic Advisors (hereinafter referred to as the "**Receiver**") is appointed as the general receiver with respect to the management and operations of: (i) Creative Technologies, LLC; (ii) Refreshing USA LLC; (iii) Water Station Management, LLC; and (iv) the subsidiaries of each of the foregoing entities (collectively, the "**Business**"), and all of their assets and tangible and intangible real and personal property (together with the Business, the "**Assets**"), wherever located and with respect to all products and proceeds thereof, with authority to take exclusive possession and control of the Assets pursuant to the terms of this Order, as amended, and RCW 7.60. The Receiver shall not be subject to the control of any party to this proceeding, but shall be subject only to the Court's direction in the fulfillment of the Receiver's duties. The appointment of the Receiver shall be effective as to the entirety of the Business, *nunc pro tunc*, as of the date on which the Receiver filed the bond required under paragraph 2 below (the "**Effective Date**").

3. Paragraph 4 of the Appointment Order is amended to add a new subparagraph I as

ORDER GRANTING MOTION FOR MANAGEMENT AUTHORITY - 5

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4879-0069-2949.2

follows:

>Authority to File Bankruptcy Petition. Receiver is hereby authorized to file voluntary petitions with the United States Bankruptcy Court pursuant to 11 U.S.C. § 301 and related rules of the Federal Rules of Bankruptcy Procedure. This authorization is cumulative and in addition to other authorization Receiver may obtain from this Court, directly or indirectly, under other statutory schemes or from third parties with authority to so authorize Receiver under non-receivership state law.

4. Except as specifically amended by this Order, all other terms in the Appointing Order remain unchanged and remain in full force and effect.

5. Pursuant to RCW 19.86.090, as an independent basis of authority, the Court hereby orders that Ryan Wear removed as and divested from all authority to act as the Manager of all entities comprising the Business.

6. Pursuant to RCW 19.86.090, as an independent basis of authority, the Court hereby further orders that Eric Camm is appointed and shall serve as the Manager of all entities comprising the Business pending further orders of the Court.

7. In his capacity as Manager appointed pursuant to RCW 19.86.090, as an independent basis of authority, Eric Camm is hereby authorized to execute and file voluntary petitions with the United States Bankruptcy Court pursuant to 11 U.S.C. § 301 and related rules of the Federal Rules of Bankruptcy Procedure for all entities comprising the Business.

//
//
//
//
//
//
//
//

ORDER GRANTING MOTION FOR MANAGEMENT AUTHORITY - 6

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4879-0069-2949.2

8. In his capacity as Manager appointed pursuant to RCW 19.86.090, as an independent basis of authority, Eric Camm is further authorized to operate all entities comprising the Business as debtors-in-possession.

DATED this 23 day of August, 2024.

_____
JUDGE/COURT COMMISSIONER

Commissioner Jonathon Lack

Presented by:

SNELL & WILMER L.L.P.


By: *s/Amit D. Ranade*
Amit D. Ranade, WSBA # 34878
Mallory L. B. Satre, WSBA #50194
Rachael E. Clark, WSBA #57277
600 University Street, Suite 310
Seattle, WA 98101
Tel: (206) 741-1420
aranade@swlaw.com
msatre@swlaw.com
reclark@swlaw.com
Attorneys for Receiver

ORDER GRANTING MOTION FOR MANAGEMENT AUTHORITY - 7

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

4879-0069-2949.2