J. Seth Moore
State Bar No. 24027522
semoore@swlaw.com
Zachary A. Cooper
State Bar No. 24137881
zcooper@swlaw.com
**SNELL & WILMER L.L.P.**
2501 North Harwood Street, Suite 1850
Dallas, Texas 75201
Telephone: 214-305-7301
Facsimile: 214-305-7351

Attorneys for *TurningPointe, LLC, d/b/a Turning Point Strategic Advisors*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **In re:** § § **WATER STATION MANAGEMENT, LLC** § § § **Debtor.** § § | Case No. 24-33924 Chapter 11 |

**DECLARATION OF NICK HOWE IN SUPPORT OF TURNING POINT STRATEGIC ADVISORS' MOTION TO CONFIRM ERIC CAMM'S STATUS AS MANAGER OF WATER STATION MANAGEMENT OR, ALTERNATIVELY, TO EXCUSE TURNOVER PENDING DISMISSAL OR OTHER RELIEF**

I, Nick Howe, declare as follows:

1. I am a Principal and the Data Analytics Lead for Turning Point Strategic Advisors ("**Receiver**"), the general receiver over Creative Technologies, L.L.C., Refreshing USA LLC, and Water Station Management LLC (collectively, "**Debtor Entities**"), appointed by the Superior Court of King County, Washington ("**Washington Court**").

2. I make this declaration in support of Receiver's *Motion to Confirm Eric Camm's Status as Manager for Water Station Management or, Alternatively, to Excuse Turnover Pending*

*Dismissal or Other Relief* [Dkt. ___ ] ("**Motion**"). Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion. Except where indicated, the facts stated herein are based upon my own personal knowledge, and if called upon to testify, I could and would competently testify thereto.

3. I am over the age of 18, and I am competent to testify. This declaration is based on my personal knowledge and my review of documents produced by Ryan Wear, Debtor's Manager and principal actor, records provided by third parties as described below, and discussions with our court-approved brokers and former employees of Debtor and its affiliates. Exhibit A, attached hereto, is a true and correct copy of my curriculum vitae.

4. Together with Eric Camm and our legal team, I have spent the last four months gathering information and records regarding assets and the finances of the Debtor Entities and their affiliates. Early in our receiverships, and at our insistence, Mr. Wear granted us access to the QuickBooks files for Creative Technologies LLC and one other entity. I performed a detailed analysis of those files and related records. The effort to gather more information, however, has been a slog. Mr. Wear and Mr. Briggs continually resisted our efforts to gather information, including a refusal to grant us access to the QuickBooks files for the other Debtor Entities and some two-dozen other related entities. Indeed, we were forced to move for contempt sanctions before they started providing many of the records we had long sought.

5. On July 29, 2024, in response to the Washington Court's order on our discovery motion, we received bank statements for Water Statement Management, the Debtor Entities, and certain affiliates for the period between August 2022 and June 2024. I have spent roughly the last two weeks analyzing those statements.

6. On July 30, 2024, we had a follow up conversation with Mr. Wear in which we asked him about the accounting and finances of the Debtor Entities.

-2-

7. Based on the foregoing documents and interviews, we have conducted a financial review of all three entities. Exhibit B, attached hereto, is a presentation that I prepared summarizing our review and findings. As noted in this report, I found it concerning that almost all revenue recorded in QuickBooks for the relevant period was in the form of six "Journal Entry" line items. A "Journal Entry" is a manually entered number that does not tie to a specific transaction. While Journal entries are not unusual, they should be supported with documentation such as receipts, invoices, purchase orders, correspondence, or similar documents. Based on my experience and understanding of the business model here, I would not expect to see the vast majority of Creative's revenue comprised of undocumented journal entries. Manufacturing and service companies (which Creative purports to be) typically invoice their customers for goods sold or services provided. Here, we found limited evidence of this type of activity in Creative's financial records. We have never been given access to the QuickBooks files for the other Debtor Entities.

8. We have repeatedly asked Mr. Wear and Mr. Briggs for documentation or at least some explanation to support the Journal Entries for Creative. Exhibit C, attached hereto, contains true and correct copies of e-mails in which I asked Mr. Wear and Mr. Briggs to answer questions about specific line items and entries in QuickBooks. To date, neither one of them has answered these questions despite repeated requests to do so.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 5th day of September 2024 at Seattle, Washington.

                                                                              _/s/ Nick Howe_____
                                                                              NICK HOWE